Filed 6/20/22 P. v. Sanchez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F079954 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F08902605) |
| GILBERTO DIAZ SANCHEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County. Alan M. Simpson, Judge.

Nuttall & Coleman and Roger T. Nuttall for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Poochigian, J. and Franson, J.

Gilberto Diaz Sanchez (Sanchez) appeals following the denial of his petitions for resentencing under the then applicable statute, Penal Code[1] former section 1170.95 (Stats. 2018, ch. 1015, § 4). The parties agree that the trial court erred in making certain factual findings and thus should not have denied Sanchez's petitions at the prima facie stage of the statutory proceedings. Upon review of the record and arguments, we agree and therefore vacate the trial court's order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

An information was filed on June 27, 2008, charging Sanchez with murdering three people while engaged in the crimes of kidnapping and robbery. Sanchez went to trial and was ultimately found guilty of three counts of second degree murder, one count of attempted second degree murder, four counts of kidnapping, and various related enhancements.

In our prior resolution of Sanchez's direct appeal, we recited the factual basis for the case and Sanchez's defense as well as the core dispute regarding Sanchez's convictions for second degree murder. (*People v. Sanchez* (June 25, 2012, F058796) [nonpub. opn.].) On that later point, this court noted that Sanchez's convictions necessarily turned on an aider and abettor theory of liability and that there was substantial evidence supporting the jury's verdict.

On July 5, 2019, Sanchez filed a petition for resentencing pursuant to former section 1170.95. On July 17, 2019, a second petition, filed by counsel, was also submitted. Both petitions acknowledged Sanchez's conviction arose under an aider and abettor theory, in part because Sanchez was not the actual shooter, but both argued the new law required a showing that Sanchez was the actual killer, had an intent to kill, or acted as a major participant with reckless indifference to human life. Sanchez argued he made a prima facie showing of eligibility.

---

[1] All further statutory references are to the Penal Code.

2.

The People opposed. Relying on the fact that the jury did not convict Sanchez of first degree murder under the felony-murder instructions provided, the People argued that the convictions the jury did reach did not rely on a felony-murder theory. The People conceded that the jury had been instructed on the natural and probable consequences doctrine regarding the second degree murder charges but argued this court's analysis of the substantial evidence supporting Sanchez's conviction demonstrated such a theory was not relied upon for the conviction.

The trial court ultimately denied Sanchez's petitions. The court determined Sanchez had "failed to make a prima facie showing that he falls within the provisions of Penal Code [former] section 1170.95. The condition set out at Penal Code [former section] 1170.95[, subdivision ](a) (3) does not apply. The convictions as an aider and abettor to 2nd degree murder and attempted 2nd degree murder were supported by overwhelming evidence. Under today's law petitioner could still be convicted."

This appeal timely followed.

## DISCUSSION

As it currently stands and relevant to this case, section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is

3.

imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (c) explains, "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause …." (Stats. 2021, ch. 551, § 2.)

The dispute in this case arises in the context of section 1170.95, subdivision (c) and its requirement that the court determine whether Sanchez "is entitled to relief." The process for making this determination is similar to habeas corpus proceedings. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) Thus, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition ... the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as

4.

determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, second bracketed insertion in original, abrogated on another ground in *Lewis*, at p. 963.)

In this case, the parties agree the trial court erred in determining Sanchez had not made a prima facie showing of eligibility. Upon review, this court accepts the parties' position. This court notes that its prior opinion found sufficient evidence existed for the jury to convict Sanchez under a direct aiding and abetting theory and noted the parties focused upon such a position at trial. (*People v. Sanchez, supra*, F058796.) This finding constitutes the law of the case and is binding upon the trial court. (*People v. Jurado* (2006) 38 Cal.4th 72, 94 ["Under the doctrine of the law of the case, a principle or rule that a reviewing court states in an opinion and that is necessary to the reviewing court's decision must be applied throughout all later proceedings in the same case, both in the trial court and on a later appeal."].) However, as the People note, this finding does not demonstrate, as a matter of law, that Sanchez was convicted under this theory. At the prima facie stage, the court could not resolve the factual dispute as to what theory the jury utilized and thus could not conclude Sanchez was, in fact, ineligible for resentencing. Such a finding is only appropriate after a show cause hearing under section 1170.95, subdivision (d)(3).

**DISPOSITION**

The August 27, 2019 order denying Sanchez's petitions for resentencing is vacated. The matter is remanded to the superior court with directions to issue an order to show cause and conduct a hearing on the petitions to determine whether to vacate Sanchez's murder conviction, recall his sentence, and resentence him consistent with Penal Code section 1170.95, as amended effective January 1, 2022 (Stats. 2021, ch. 551, § 2).

5.